United States Bankruptcy Court
District of Massachusetts

# CHAPTER 13 PLAN

Filing Date: _____  Docket #: **10-22057-FJB** _____

Debtor: **McCarthy, Paul M.** _____  Co-Debtor: _____

SS#: **6197** _____  SS#: _____

Address: **10 Roycroft Drive** _____  Address: _____

**Randolph, MA  02368** _____  , _____

_____  _____

Debtor's Counsel:

**Smeloff & Benner
100 Grossman Drive - Suite 305
Braintree, MA  02184

(781) 843-2323
(781) 843-2324**

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

United States Bankruptcy Court
**District of Massachusetts**

## CHAPTER 13 PLAN

Docket#: **10-22057-FJB**

DEBTORS: (H) **McCarthy, Paul M.**     SS# **6197**
             (W)     SS#

TERM OF THE PLAN **60** Months.
(If the plan is longer than thirty-six (36) months and debtor's plan is governed by 11 U.S.C § 1322 (d)(2), a statement of cause under must be attached hereto.)
**STATEMENT OF CAUSE: The Debtor(s) is hereby required to extend the Plan to 60 Months due to income constraints that would make a shorter Plan unfeasible.**

PLAN PAYMENT: Debtor(s) to pay monthly: $ **495.00**.

I. **SECURED CLAIMS:**

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **Gmac Mortgage** | 1st Mortgage 10 Roycroft DriveRandolph, MA 02 | 23,950.00 |
| | Total of secured claims to be paid through the Plan: $ | 23,950.00 |

B. Claims to be paid directly to creditors (not through plan):

| Creditor | Description of Claim |
|---|---|
| **Gmac Mortgage** | 1st Mortgage 10 Roycroft DriveRandolph, MA 02368 |

II. **PRIORITY CLAIMS:**

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

B. All Other Priority Creditors:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Town Of Randolph** | 2010 | 1,000.00 |
| | Total of Priority Claims to Be Paid Through the Plan: $ | 1,000.00 |

III. **ADMINISTRATIVE CLAIMS:**

A. Attorneys fees (to be paid through the Plan): $ **1,000.00**.

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

IV. **UNSECURED CLAIMS:**

The general unsecured creditors shall receive a dividend of **1.10**% of their claims.

A. General unsecured claims: $ **23,285.00**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Citimortgage, Inc.** | 2nd Mortgage 10 Roycroft Drive Randolph, MA 02 | 47,900.00 |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| | Total of A + B + C unsecured claims: $ | 71,185.00 |

D. **Multiply total by percentage: $ 780.00**.
(Example: total of $38,500.00 x .22 dividend = $8,470.00)

D. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |
| | Total amount of separately classified claims payable at 100%: $ | 0.00 |

V. **OTHER PROVISIONS:**

A. Liquidation of assets to be used to fund Plan:

B. Modification of Secured Claims: Set forth details of modifications below or on attached sheets. This information should include name of creditor and detailed explanation of the modification. The total amount of the secured claim that is to be paid through the plan (inclusive of interest) should be set forth in Section I of this Plan.

C. Assumption/Rejection of Leases:
**None**

D. Miscellaneous provisions:
**\*\*\*CLAIM DUE TO CITIMORTGAGE. Citimortgage equity loan is wholly unsecured and shall be paid in accordance with the unsecured claims in the plan.
The Debtors residence located at 10 Roycroft Drive, Randolph, MA 02368 has a present value of $205,000. The Debtors residence is subject to a first mortgage to GMAC Mortgage. The balance due to GMAC Mortgage as of the date of the filing of the petition for relief was $275,728. Citimortgage is the holder of a second mortgage. The amount due to Citimortgage at the time of the filing of the petition for relief was $47,900.**

**Pursuant to 11 USC 1322(b)(2) this plan provides to modify the claim due to Citimortgage and treat such claim as an unsecured claim in its entirety.**

**The Order of Discharge to be entered in this case under 11 USC 1328(a) shall constitute a discharge of the mortgage held by Citimortgage and described hereinabove.**

**CALCULATION OF PLAN PAYMENT:**

| | |
|---|---|
| **a. Secured claims (Section I-A Total):** | $ 23,950.00 |
| **b. Priority claims (Section II-A & B Total):** | $ 1,000.00 |
| **c. Administrative claims (Section III A & B Total):** | $ 1,000.00 |
| **d. Regular unsecured claims (Section IV – D Total):** | $ 780.00 |
| **e. Separately classified unsecured claims (Section IV – E Total):** | $ 0.00 |
| **f. Total of a + b + c + d + e above:** | $ 26,730.00 |
| **g. Divide (f) by .90 for total including Trustee's fee: Cost of Plan:** | $ 29,700.00 |
| (This represents the total amount to be paid into the Chapter 13 Plan) | |
| **h. Divide (g) Cost of Plan by Term of Plan: 60 months** | |
| **i. Round up to nearest dollar: Monthly Plan Payment:** | $ 495.00 |
| | (Enter this amount on Page 1) |

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty ( 30 ) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make pre-confirmation adequate protection payments directly to the secured creditor.

## LIQUIDATION ANALYSIS

I. Real Estate:

| List Each Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **10 Roycroft Drive** | **205,000.00** | **323,628.00** |

Total Net Equity for Real Property:   $  0.00
Less Total Exemptions (Schedule C):   $  0.00
Available Chapter 7:                  $  0.00

II. Automobile

Describe year, make and model                    Value    Lien    Exemption
**None**

Total Net Equity:                     $  0.00
Less Total Exemptions (Schedule C):   $  0.00
Available Chapter 7:                  $  0.00

III. All Other Assets (All remaining items on Schedule B): (Itemize as necessary)

Total Net Value:                      $  4,870.00
Less Exemptions (Schedule C):         $  4,870.00
Available Chapter 7:                  $  0.00

**SUMMARY (Total amount available under Chapter 7):**

Net Equity (I and II) Plus Other Assets (III) less all claimed exemptions: $ **0.00**.
Additional Comments regarding Liquidation Analysis:

**Pursuant to the Chapter 13 rules, the debtor or his or her counsel is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.**

*/s/ Richard D. Smeloff*                              **December 15, 2010**
Debtor's Counsel                                      Date

Counsel's Address:
**Smeloff & Benner**
**100 Grossman Drive - Suite 305**
**Braintree, MA  02184**

Tel. # **(781) 843-2323**                Email Address: **rsmeloff@msn.com**

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**
*/s/ Paul M. McCarthy*                                **December 15, 2010**
Debtor                                                Date
                                                      **December 15, 2010**
Debtor                                                Date

## CERTIFICATE OF SERVICE

I, Richard D. Smeloff, Esq., hereby certify that I have served a copy first class mail, postage pre paid of the within Chapter 13 Plan to the attached distribution service list.


/s/ Richard D. Smeloff, Esq.
Richard D. Smeloff, Esq.

```
Alvin Hollis
1 Hollis Street
S. Weymouth, MA   02190


Cap One
Po Box 85015
Richmond, VA   23285


Citimortgage, Inc.
PO Box 9438
Gaithersburg, MD   20898


Citizens Bank
1 Citizens Dr
Riverside, RI   02915


Comcast
PO Box 1577
Newark, NJ   07101


Gmac Mortgage
3451 Hammond Ave
Waterloo, IA   50704


GMAC Mortgage
C/O Orlans/Moran
PO Box 962169
Boston, MA   02196


Hsbc/rs
Pob 15521
Wilmington, DE   19805


Kohls/chase
N56 W 17000 Ridgewood Dr
Menomonee Falls, WI   53051
```

Random Financial Corporation
174 Hampden Street
Boston, MA   02119


Random Financial Corporation
C/O Cellai Law Offices
355 Congress Street - Suite 2B
Boston, MA   02210


T-mobile
7825 Washington Av
Minneapolis, MN   55439


Thd/cbsd
Po Box 6497
Sioux Falls, SD   57117


The Tuition Management System
171 Service Ave.
Warwick, RI   02886


Town Of Randolph
Water & Sewer Dept.
41 South Main Street
Randolph, MA   02368


Wallpaper City
732 South Street
Roslindale, MA   02131